UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EZEKIA A. SU NEMUN,

        Plaintiff,

v.                                                     Case No. 10-C-175

MICHAEL J. ASTRUE,

        Defendant.

**ORDER**

Presently before me are Plaintiff Ezekia Su Nemun's motions for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff received a favorable decision from this Court remanding the Social Security Administration's ("SSA") denial of disability benefits. She then moved for an award of fees and costs in the amount of $7,088.43 (ECF 21) and an additional $978.05 for her reply brief in support of the initial motion for fees. (ECF 25.) Plaintiff's motions for attorney's fees will be granted for the reasons set forth herein.

**BACKGROUND**

Plaintiff originally filed a protective application for Supplemental Security Income ("SSI")[1] on April 28, 2006, alleging she became disabled on July 27, 1970[2], due to arthritis, pain, migraines,

---

[1] Plaintiff also applied for Disability Insurance Benefits (DIB), but she was not insured for DIB purposes (Tr. 111, 118–119). *See* 20 C.F.R. § 404.131.

[2] Given that Plaintiff filed her SSI application in April 2006, she could begin receiving SSI benefits no earlier than May 2006, based on a showing that she was disabled as of April 2006. *See* 20 C.F.R. §§ 416.200, 416.202, 416.330, 416.335.

asthma, depression, and problems with people, among other things. (Tr. 51, 53, 82, 276–278, 293.) Her application was denied initially and upon reconsideration. (Tr. 88–89, 102–105, 107–110.) Following a hearing, Administrative Law Judge ("ALJ") Joel Martinez issued a decision in which he found Plaintiff was not disabled under the Social Security Act because she was able to perform a significant number of jobs in the national economy. (Tr. 14.) On December 29, 2009, the Appeals Council denied Plaintiff's request for review (Tr. 3–6), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff then filed a civil action, pursuant to 42 U.S.C. § 405(g), for review of the Agency's decision.

On March 24, 2011, this Court remanded the decision of the Commissioner for further proceedings. (Decision and Order, ECF 19.) This Court concluded that the ALJ erred in barring Plaintiff's testimony about her mental impairments and that the hypothetical question posed to the vocational expert should have included all limitations supported by the record, as well as an inquiry as to the Plaintiff's migraines and subsequent need to take oxygen five times daily.

## LEGAL STANDARD

The EAJA provides that a district court may award attorneys' fees where: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003). Only the second prong is at issue here.

In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and

his legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving his position was substantially justified. *See Golembiewski*, 382 F.3d at 724.

**ANALYSIS**

The ALJ refused to allow Plaintiff to testify about any mental health conditions she experienced. This Court concluded Plaintiff had, in fact, adequately supported her claim for disability based on a mental impairment and so the ALJ should have allowed her to testify. Had the ALJ at least allowed the testimony, he could have afforded it less weight based on other medical evidence of record, or inquire as to the lack of or infrequency of medical treatment for her mental health conditions. But by entirely refusing to let Plaintiff testify, the Commissioner violated SSR 96-7p, which provides that an ALJ must not discredit a claimant's testimony for failing to seek or follow through with treatment without first inquiring about the reasons for the infrequent or irregular medical visits or failure to seek medical treatment. *See Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009). The Commissioner contends that even though the ALJ did not permit Plaintiff to testify about her mental conditions, the ALJ still considered the record evidence relating to Plaintiff's mental condition; therefore, according to the Commissioner, the position was substantially justified. (Def. Resp., 4.) Nonetheless, the clear mandate of SSR 96-7p and precedent dictate that an ALJ must not discredit a claimant's testimony for failing to seek or follow through treatment without an initial inquiry as to the reasons. As the ALJ here did not merely discredit Plaintiff's testimony, but completely barred it, the position was unjustified. *See also Golembiewski*,

382 F.3d at 724 (awarding fees when the ALJ and Commissioner failed to abide by SSR 96-7p and thus "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations").

Plaintiff also claims the ALJ's failure to account for all relevant health limitations, mental and physical, in a hypothetical to the vocational expert ("VE") means the Commissioner's position was substantially unjustified. This Court concluded the ALJ's hypothetical — limiting Plaintiff to simple work with no public contact — did not include the moderate and marked limitations found in the record by Dr. Bauer, which the ALJ accepted as valid by the time of his decision. Furthermore, this Court determined the ALJ had also not sufficiently factored Plaintiff's migraines and use of oxygen into his residual functional capacity assessment. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) ("When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record."); *see also Dobrecevich-Voelkel v. Astrue,* 2011 WL 832250, *4 (E.D. Wis. 2011) (noting the ALJ must include the specific limitations supported by the record). The ALJ's failure to include both of these potentially significant factors renders the Commissioner's position substantially unjustified, particularly when combined with the fact that, as discussed above, the ALJ completely barred Plaintiff's testimony about her mental health in violation of the Regulations and longstanding precedent.

## CONCLUSION

The Commissioner's position was not substantially justified because the ALJ improperly barred Plaintiff's testimony about her mental health conditions and failed to include all relevant

4

limitations in the hypothetical question to the VE.  Accordingly, Plaintiff's motions for attorney's fees, Dockets 21 and 25, are **GRANTED**.

**SO ORDERED** this    25th    day of August, 2011.


                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge